Walker *v.* Potilla.

---

## GEO. B. WALKER *v.* SAM'L ·POTILLA *et al.*

EXECUTORS. *Bond. Sureties.* If the executor's bond, executed after the adoption of the Code, *in terms* covers all the duties *imposed by the will*, the sureties will, under sec. 2224 of the Code, be liable for any default of the executor, whether as executor *or testamentary trustee.*

FROM KNOX.

Appeal in error from the Chancery Court at Knoxville. W. B. STALEY, Ch.

W. M. BAXTER for complainant. ·

HOUK & GIBSON for defendants.
29—VOL. 7.

McFARLAND, J., delivered the opinion of the court.

The will of James Walker contains this clause, to-wit: "I will that the two hundred and fifty dollars that my son William Walker has of my money be kept loaned out at interest, an said interest is to be appropriated to the use of paying taxes, until my son George B. Walker becomes of age, and then it is to fall to my son George B. Walker, provided he grows up a sober, steady man; if not, it is to be divided between him and my other children."

Wm. Walker, the son who had the money referred to, and Sam'l Potilla were appointed executors, and they qualified and gave bond, with John Vance and Wm. C. Hodges sureties, on the 3d of May, 1858.

Geo. B. Walker attained his majority in 1875, and soon after filed this bill. He claims that he has "grown up a steady man," and demands that the money be paid to him.

The testator, at the time of his death, held the notes of William Walker for the money referred to. These notes went into the hands of the co-executor Potilla. Some interest was paid, and went into the hands of complainant's guardian, but the principal was not collected, and sometime about the year 1866 said William Walker removed himself and property to the State of Kansas, where he has since resided. He had remained solvent until the time he left. It was claimed by Potilla that he had discharged himself from liability by turning over the notes to complainant's guardian. The decree of the chancellor, however, held

the executors liable for the money, and they have not appealed. The only question before us is the liability of the sureties,—the complainant having appealed from the decree of the chancellor refusing to hold them liable.

This court has held that, inasmuch as the act of 1838, ch. 3, sec. 18, expressly making sureties upon executors' bonds liable for the duties of executors *as trustees*, was omitted from the Code, sureties upon executors' bonds executed after the adoption of the Code are not liable for the default of the executor as trustee. It is therefore argued that the duty imposed by the clause of the will in question in respect to the particular debt or fund, made the executors *trustees* in regard thereto, and the sureties are not liable for the default of the executors, the bond having been executed three days after the Code went into effect. This is perhaps a question of some doubt, it being somewhat difficult to distinguish between the duties of an executor and trustee in some cases; and in this case, as the executors failed to collect and loan out the money, which they might have done within the time allowed for settlement of estates, it might, perhaps, be held that they were liable for such default *as executors*. But be this as it may, we may concede, for the purposes of this case, that they acted as trustees. The Code, after providing the form of a bond which may be given by executors, the condition of which is to well and truly, *as executor*, perform all the duties *required by law*, adds (sec. 2224) as follows: "The bond now in use, or any other bond

executed by the parties, although not strictly in accordance with the above provision, because made payable to a different payee, or because the condition *is more extensive,* or less extensive, or otherwise, shall be valid and effectual *to the extent of its stipulations and conditions,* and subject the parties thereto in the same way as if the bond had been drawn up in strict conformity to law."

It had been previously held that bonds not strictly in accordance with the statute (while they might subject the parties to a common-law action, in which the recovery might be in accordance with the terms of the bond) would not subject the parties to liability in the statutory mode. The above section of the Code changes the law in this respect, and allows the remedy upon such voluntary bond in the same mode as if it were strictly a statutory bond, and further provides that such bond shall in this mode be held effectual *to the extent of its stipulations and conditions,* whether *such conditions be more or less extensive than the statutory bond.*

The condition of the bond in this case is as follows, to-wit: "The condition of the above obligation is such, that, if the above bound William Walker and Sam'l Potillo, executors of the last will and testament of James Walker, deceased, do well and truly perform the duties enjoined *on them by the will* of James Walker, deceased, and account therefor in such way and at such time *as said will* and the laws of the land may require, then this obligation to be void," etc.

It will be observed that the condition of the stat-

utory bond is, that the executor shall perform the duties required *by law as executor*. That the condition of this bond is, that they shall perform all the duties required *by the will* and the *law*. The will imposed the duties now sought to be enforced, whether they be regarded as duties pertaining to an executor or trustee. We see no reason why a bond covering all the duties may not be taken—in fact, we should regard it as a commendable practice, for, as it will seldom happen that a separate bond will be demanded or executed, unless the bond in the present form be taken, there will ordinarily be no security for those duties pertaining to trustees. The bond in this case clearly covers the liability sought to be enforced.

The decisions referred to only hold that a statutory executor's bond, or bond in terms only covering the duties *of executor*, executed after the adoption of the Code, does not render the sureties liable for the default of the executor as trustee. But it was not intended to hold, that if the bond by its terms covers all the duties imposed by the will, the sureties are not liable.

The decree of the chancellor will be so amended as to include the sureties, who will also pay the costs of this court.